RECEIVED
SEP 27 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN DAVID DELAPP | CIVIL ACTION NO. 2:17-0042 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AMERITAS LIFE INS. CORP. f/k/a UNION CENTRAL LIFE INS. CO. | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Partial Summary Judgment" (R. #12) wherein the defendant, Ameritas Life Insurance Corporation (formerly known as Union Central Life Insurance Company, ("Ameritas") moves the court for partial summary judgment, specifically to dismiss any claim by Plaintiff, John David DeLapp, for disability benefits that accrued prior to June 29, 2015.

## FACTUAL STATEMENT

In 2006, Dr. David DeLapp purchased disability policies; he paid the appropriate premiums and he continues to pay said premiums. Dr. DeLapp suffered an injury on December 23, 2013. On that same day, Dr. DeLapp had a dissection of the proximal aorta to the left femoral artery and underwent emergency surgery which included a graft and reconstruction of the aortic root. Dr. DeLapp sent information to Ameritas' representative and its counsel on September 23, 2016, December 15, 2016, March 23, 2017 and July, 2017.

Dr. DeLapp's policies require written Proof of Loss within 90 days after the end of the first month for which benefits are due. The time for submitting written Proof of Loss may be extended

1

for one year from the date Proof of Loss would otherwise be due. Additional time cannot exceed one year unless the insured is legally incapacitated. Dr. Delapp is not legally incapacitated.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

colorable, or is not significantly probative, summary judgment may be granted.[8] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[9]

## LAW AND ANALYSIS

In its motion for partial summary judgment, Defendant seeks to dismiss Dr. DeLapp's claims for disability which may have accrued prior to June 29, 2015. Defendant relies on the following language in the disability policy:

> NOTICE OF CLAIM. If you have a claim you must send us a written notice of claim within 30 days after the covered loss, or as soon as reasonably possible. The notice should be submitted to us at our home office.
>
> The notice should include:
>
> (1) your name; and
> (2) your policy number.
>
> CLAIM FORMS. When we receive your notice of claim we will send you forms for filing your proof of loss. If we don't send these forms to you within 15 days, you may meet the proof of loss by giving us a written statement. This written statement should include the nature and extent of your loss. You should send it to us within the time limit stated below.
>
> PROOF OF LOSS. You must send us written proof of loss within 90 days after;
>
> (1) the end of the first month for which benefits are due; or
> (2) the date of the loss for all other claims.
>
> If you are not able to send it within that time, it may be sent as soon as reasonably possible without affecting your claim. The additional time allowed cannot exceed one year unless you are

---
[8] Anderson, 477 U.S. at 249-50.
[9] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

3

     legally incapacitated. We may request additional proof of loss as
often as we deem necessary.

Dr. DeLapp was in a skiing accident on December 23, 2013 which required emergency surgery. Dr. DeLapp's insurance agent, Mark Smith, contacted Ameritas on behalf of Dr. DeLapp. On December 27, 2013, Ameritas sent Dr. DeLapp a total disability packet which included forms for Notice of Claim and Proof of Loss. On February 26, 2014, Mr. Smith advised Ameritas that Dr. DeLapp "is completing the claims form packet at this time and I will be submitting them soon."[10]

In September 2015, Ameritas received a request from Dr. DeLapp for the forms to be completed for filing a claim. Ameritas sent Dr. DeLapp these forms on September 23, 2015. Ameritas received a Notice of Claim and Proof of Loss on September 29, 2016. Thereafter, Ameritas reviewed Dr. DeLapp's claim and requested additional information which remains outstanding.

Dr. DeLapp filed the instant suit in state court in December 2016.

Ameritas contends that the court should dismiss any claims by Plaintiff for disability benefits that accrued prior to June 29, 2015. It is undisputed that the Notice of Claim and Proof of Loss was not submitted by Dr. DeLapp until September 29, 2016. Proof of loss must be submitted within 90 days after either (1) the end of the first month for which benefits are due; or (2) the date of the loss for all other claims. Part V of the policy permits a claimant additional time to file a claim not to exceed one year unless the claimant is legally incapacitated. Dr. DeLapp is not legally incapacitated.

---

[10] Defendant's exhibit D.

Ameritas contends that Dr. DeLapp had one year and 90 days from the end of the first month for which benefits were due to submit his Notice of Claim and Proof of Loss. Because the Policy has a 90 day waiting period, the first date that benefits could have been due following the December 23, 2013 accident as March 8, 2014.[11] Thus, Proof of Loss was due 90 days after the end of March 2014, or the first month benefits might be due, which would be June 29, 2014; with the one year additional time allowed, Proof of Loss had to be provided by June 29, 2015 at the latest.

Dr. DeLapp argues that Ameritas must establish actual prejudice in order to deny his claim.[12] Ameritas, on the other hand, argues that an insurer may limit its liability and impose whatever conditions it deems fit,[13] and further relies on the clear policy language which states that "the additional time allowed cannot exceed one year unless you are legally incapacitated."

As noted by Plaintiff, "an insurer must prove actual prejudice in order to deny a claim on the basis of not receiving notice within the time limits specified in the policy."[14] Ameritas has not argued nor established how it was prejudiced by Dr. DeLapp's untimely filing of his Proof of Loss. Accordingly, summary judgment must be denied.

---

[11] 90 days after the event, less 14 days because the policy had been in effect for a number of years and provided for a reduction in the waiting period for each year the policy was in force and effect.

[12] Citing Barnes v. Lumbermen's Mut. Cas. Co., 308 So.2d 326 (La.App. 1st Cir. 1975); Miller v. Marcantel, 221 So.2d 557 (La.App. 3rd Cir. 1969); West v. Monroe Bakery, Inc., 217 La. 189, 46 So.2d 122 (1950); Jackson v. State Farm Mut. Auto. Ins. Co. 211 La. 19, 29 So.2d 177 (1946); Wall v. Northwestern Mut. Life Ins. Co., 2008 WL 4450283 (W.D. La. September 29, 2008).

[13] Quam v. Louisiana Hospital Serv., Inc., 517 So.2d 984 (La. App. 3rd Cir. 10/7/87).

[14] Wall v. Northwestern Mut. Life Ins. Co. 2008 WL 4450283 (W.D. La. September 29, 2008); Deville v. Life Ins. Co. of Va., 560 So.2d 690, 693 (La.App. 3 Cir. 1990); see also Powell v. Automotive Cas. Ins.Co., (La.App. 3 Cir. 2/2/94), 631 So.2d 581, 585; Fakouri v. Ins. Co. of N.Am., 378 So.2d 1083 (La.App. 3 Cir. 1979); Kinchen v. Dixie Auto Ins., 343 So.2d 263 (La.App. 1 Cir. 1977).

## CONCLUSION

For the reasons set forth hereinabove, the motion for partial summary judgment will be denied.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 27 day of September, 2017

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**